M. C. Persons, *et vir.*, v. L. E. Tyree, a widow.

161 So. 408.

Opinion Filed May 9, 1935.

*George P. Garrett,* and *Johnston & Rogers,* for Appellants;

*H. N. Roth,* for Appellee.

PER CURIAM.—This suit was brought to subject separate property of a married woman, now a widow, to the payment of the purchase price of personal property represented by the last of a series of three notes as follows:

"Orlando, Fla. Jany 31 1931     $3837.63
"Dec 1/1933 after date we promise to pay to the order of M. C. PERSONS in Orlando, thirty-eight hundred thirty-seven & 63/100 Dollars, with interest at the rate of 8 per cent. per an-

num until paid, for value received. Negotiable and payable at the First National Bank and Trust Co., in Orlando and if not paid at maturity this note may be placed in the hands of an attorney at law for collection, and in that event it is agreed and promised by the makers and endorsers severally to pay a reasonable attorney's fee.

"P R X

"Presentment, protest, notice of dishonor and notice of protest are waived by each and every endorser.

"Due..............
"No. ..............
"Classification

"ADDRESS

"L. B. TYREE

_____

"L. E. TYREE"

An agreement executed with the notes is as follows:

"Jan. 31st, 1931.

"As security to M. C. Persons, on three certain notes dated Jan. 31, 1931, payable, one note Dec. 1st, 1931, for $4,000.00 and second note dated Jan. 31st, 1931, for $3,837.63, payable Dec. 31st, 1932, third note dated Jan. 31st, 1931, for $3,837.63, payable Dec. 1st, 1933, M. C. Persons holding as security 200 shares of stock in Tyree-Persons Stores, Inc., stock certificates Nos. 15, 16, 17, and 18, for 50 shares, each in M. C. Persons' name, said stock signed and transferred to L. B. Tyree and L. E. Tyree, in equal amounts as notes are paid. It is also agreed to by M. C. Persons, L. B. Tyree and L. E. Tyree that such stocks are to be delivered as notes are paid, otherwise notes are void. Notes payable to M. O. Persons signed by L. B. Tyree and L. E. Tyree.

"(Corporate Seal)

"L. B. TYREE.

"Witness:

"E. F. HALL

"O. C. RICHARDSON"

The bill was dismissed on motion and plaintiff appealed.

The agreement shows on its face that three notes were given by husband and wife for the purchase price of shares of stock to be delivered to husband and wife in portions as the notes were paid. Two of the notes were paid and corresponding shares of stock delivered. The husband dies before this suit was instituted.

The last portion of the shares of stock has not been delivered because the last note has not been paid. The note as to the married woman is void, she not having been made a free dealer under the statutes.

The unexecuted part of the agreement under its conditions is not a purchase of property by the married woman within the meaning of Section 2, Article XI of the Constitution; nor is the transaction an "agreement made by her in writing for the benefit of her separate property," within the meaning of the Constitution. Husband and wife both signed the notes and the agreement to purchase the stock.

The note as such, signed by a married woman is not enforceable against her. The agreement is not an executed purchase of property. It is a contract by husband and wife to buy personal property to be paid for as delivered, which contract, in so far as it is unexecuted, cannot be enforced against the married woman who signed it.

The contract to purchase as to the married woman is not executed unless the shares of stock are delivered to, and accepted by her.

If the contract to buy stock is executed, the purchase price is under the contract payable only as the stock is delivered. The separate property of the married woman is not liable for the purchase price of shares of stock, at least unless she accepts the stock; and such acceptance is not alleged. Under the contract the note is void if the shares

of stock are not delivered; and the note as such cannot be enforced against the married woman. There has been no completed purchase of the stock by the married woman as to the undelivered shares of stock, her contract to purchase being unenforceable against her. It is not alleged that the married woman made a valid contract to buy the shares of stock after she became a widow.

It is alleged that:

"3. Immediately upon the consummation of said transaction of January 31, 1931, the said L. E. Tyree and L. B. Tyree took over the exclusive management, control and operation of said Tyree-Persons Stores, Inc., as the sole owners thereof, and proceeded to operate the same until the same was placed in bankruptcy in the year A. D. 1932, as hereinafter more fully set forth.

"4. At the time of said transaction of January 31, 1931, the said Tyree-Persons Stores, Inc., was a solvent corporation, with a valuable good will, and the capital stock in said corporation, the title to which, by said transaction of January 31st, 1931, was transferred to the said L. B. Tyree and L. E. Tyree, was well worth the full amount of the debt for which the said L. B. Tyree and L. E. Tyree obligated themselves, and to evidence which said notes were given in said sum of $11,675.26."

Even if these allegations show an acquisition of separate property by the married woman, the stock retained by the seller as security for its purchase price precludes remedy against the separate property of the married woman under Section 2, Article XI of the Constitution. See Blood v. Hunt, 97 Fla. 551, 121 So. 886.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BUFORD, and DAVIS, J. J., concur.

BROWN, J., concurs in the conclusion.